UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV-22-3107-MWF (JPRx)          **Date:** September 1, 2022
**Title:** Riot Games, Inc. v. Shanghai Moonton Technology Co., Ltd.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**      ORDER RE: DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE [49]

On August 23, 2022, Defendant Shanghai Moonton Technology Co., Ltd. ("Moonton" or "Defendant") filed a Motion to Dismiss Case or Stay Pursuant to the Doctrine of Forum Non Conveniens (Docket No. 29) and an accompanying Application for Leave to File Under Seal (the "Application") (Docket No. 27). Because the declaration filed in support of the Application adequately explained why all but two of the Exhibits (Exhibits K and L) should be sealed, on August 25, 2022, the Court granted the Application and simultaneously issued an Order to Show Cause ("OSC") why Exhibits K and L should not be unsealed. (Docket No. 38). On August 31, 2022, Defendant filed a Response to the OSC (the "Response"). (Docket No. 49).

Exhibits K and L are two civil complaints (the "Complaints") that a third-party company who is not a party to this case (the "non-party") filed against Defendant in Chinese courts. (Docket Nos. 28-3 and 28-4). Civil complaints are not made public in China. In its Response, Defendant states that it applied to seal the documents pursuant to a settlement agreement (the "Agreement") between itself and the non-party, which, "[t]o the extent allowed by applicable laws" requires Defendant to "apply to the Court for non-disclosure of all court documents and decisions in connection with" the Chinese case. (Response at 1). Otherwise, Defendant takes no position "as to whether Exhibits K and L should be sealed apart from the obligations" imposed by the Agreement. (*Id.*). Also, in its Response, Defendant explained that it asked for the non-party's position on the issue. (*Id.*). As shown in email correspondence between

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-22-3107-MWF (JPRx)**                    **Date:  September 1, 2022**
Title: Riot Games, Inc. v. Shanghai Moonton Technology Co., Ltd.

Defendant and the non-party, the latter does not believe the Agreement provides a valid basis for sealing the Complaints because, according to the non-party, the parties never entered into the Agreement.  (*Id.*, Ex. A).  Therefore, apart from the fact that Chinese complaints are not made public, Defendant has offered no reason, let alone a compelling reason, to seal the documents.

    Accordingly, Exhibits K and L (Docket Nos. 28-3 and 28-4) are to be unsealed.  Defendant is ORDERED to refile the Exhibits attached to the Declaration of Yanhui Mao (Docket No. 30-1), such that Exhibits K and L are unsealed and available on the public docket, no later than September 7, 2022.

    IT IS SO ORDERED.